# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30862
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN CARTER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-90-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Steven Carter appeals the sentence imposed following the revocation of his supervised release. He argues that the 24-month sentence is an upward variance from the guidelines range and plainly unreasonable, contending that the district court relied upon unsubstantiated information, failed to give adequate reasons for the sentence, and failed to appropriately weigh mitigating factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30862

As Carter did not raise his arguments in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Carter's two-year sentence was authorized by statute. *See* 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2); 18 U.S.C. § 3559(a); *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). The district court sufficiently articulated its reasons for imposing the statutory maximum sentence, as the district court's reasons indicate that it had considered, inter alia, Carter's personal history and circumstances, Carter's need for drug rehabilitation, and the need for the sentence to deter criminal conduct. *See* 18 U.S.C. § 3553(e); *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012).

The district court also considered the policy statements of the Guidelines. *See* § 3553(e). Although the Government now disputes the district court's calculation of the guidelines range of imprisonment, the district court's decision to impose the statutory maximum sentence was not plain error. *See Puckett,* 556 U.S. at 135; *United States v. Warren*, 720 F.3d 321, 332-33 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009); *United States v. Montez*, 952 F.2d 854, 860 (5th Cir. 1992). While the district court observed that Carter was "scaring people" and that "people are afraid" of him, these factors were not identified by the district court as part of its rationale for imposing the sentence. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Finally, Carter's assertion that the district court failed to adequately consider mitigating factors does not demonstrate that the district court committed plain error. *See Puckett,* 556 U.S. at 135; *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

AFFIRMED.